Matter of Duchnowski v Annucci (2019 NY Slip Op 00513)





Matter of Duchnowski v Annucci


2019 NY Slip Op 00513


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526740

[*1]In the Matter of LEO DUCHNOWSKI, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Leo Duchnowski, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III determination finding him guilty of violating a prison disciplinary rule. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. We note that the loss of good time incurred by petitioner as a result of the disciplinary proceeding should be restored (see Matter of Hogan v Annucci, 162 AD3d 1418, 1418 [2018], appeal dismissed 32 NY3d 1001 [2018]). Inasmuch as petitioner has been granted all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Boeck v Annucci, 165 AD3d 1334, 1334 [2018]; Matter of Little v Lee, 164 AD3d 1559, 1560 [2018]). Whether the time that petitioner spent in keeplock as a result of the instant disciplinary determination was properly credited toward his confinement in connection with other unrelated disciplinary matters is not properly before us in this proceeding (see 7 NYCRR part 5; Matter of Barclay v Summers, 60 AD3d 1181, 1181 [2009]).
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.